IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES DWAIN FINNIE, #1002096 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv596 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Petitioner Charles Dwaine Finnie, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he complains that he was not given credit for street time. Petitioner states that, after being released on parole on May 29, 2008, he should have received credit from that date until his parole was revoked on November 8, 2012. He argues that the failure to give him credit for street time has turned his 14-year sentence into a 17.5-year sentence.

## FEDERAL HABEAS CORPUS RELIEF

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

1

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

## STREET TIME CREDIT

Petitioner alleges that he is entitled to credit for street time; thus, his sentence has been wrongfully extended. However, a state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has firmly established that there is no federal constitutional right to the reduction of the sentence of a parole violator for time spent on parole or mandatory supervision. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970). Petitioner's various complaints about being denied credit for street time lack merit. Furthermore, requiring an inmate to serve the entire remaining portion of his sentence after a revocation does not violate the Double Jeopardy Clause. *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

Additionally, Petitioner presented this issue to the Texas Court of Criminal Appeals and his state writ of habeas corpus was denied without written order. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.
 **SIGNED** this 23rd day of May, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE